UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

HERON COVE ASSOCIATION, et al,

          Plaintiffs,

v.

MIDLAND COUNTY BOARD OF
COMMISSIONERS, and FOUR
LAKES TASK FORCE,

          Defendants.

Case No. 1:24-cv-11458

Hon. Matthew F. Leitman
Magistrate Judge Patricia T. Morris

**PLAINTIFFS' MOTION TO
MODIFY JULY 17, 2024 OPINION
AND ORDER AND BRIEF IN
SUPPORT**

---

Michael D. Homier (P60318)
Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, PC
*Attorneys for Plaintiffs*
1700 E. Beltline Ave. NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com

Joseph W. Colaianne (P47404)
Zachary C. Larsen (P72189)
Bethany G. Stawasz (P75578)
CLARK HILL PLC
*Attorneys for Defendant Four Lakes
Task Force*
215 S. Washington Square, St. 200
Lansing, MI 48933
(517) 318-3100
jcolaianne@clarkhill.com
zlarsen@clarkhill.com
bstawasz@clarkhill.com

Timothy S. Ferrand (P39583)
CUMMINS, MCCLOREY, DAVIS &
ACHO, P.L.C.
*Attorneys for Defendant Midland
County Board of Commissioners*
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

---

## <u>PLAINTIFFS' MOTION TO MODIFY JULY 17, 2024 OPINION & ORDER</u>

Plaintiffs, by and through their attorneys, Foster, Swift, Collins & Smith, P.C., hereby move the Court modify Judge Ludington's July 17, 2024 "Opinion and Order Granting Plaintiffs' Motion to Disqualify, Disqualifying Myself from Case, and Directing Clerk to Reassign Case" (Case No. 1:14-cv-11458, ECF 13; 650-663; Case No. 1:14-cv-11473, ECF 13, PageID.435-448) (the "Opinion") by vacating the portions of the Opinion that violate Canon 3 of the Code of Conduct for United States Judges. Plaintiffs rely on the law and argument in the attached brief in support of this Motion. Plaintiffs sought concurrence in the relief requested via e-mail conference with all Defendants in which Plaintiffs explained the nature of the motion. All Defendants denied concurrence.

WHEREFORE, for the reasons in the attached brief, Plaintiffs respectfully request this Honorable Court modify the Opinion by vacating the portions of the Opinion that violate Canon 3 of the Code of Conduct for United States Judges.

Dated: August 16, 2024                     Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC
*Attorneys for Plaintiffs*

Michael D. Homier (P60318)
Laura J. Genovich (P72278)
1700 E. Beltline Ave. NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200
mhomier@fosterswift.com
lgenovich@fosterswift.com

2

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION TO MODIFY**
**JULY 17, 2024 OPINION AND ORDER**

*Background*

Defendant Four Lakes Task Force (the "Task Force") is the delegated authority of Defendant Midland and Defendant Gladwin Counties (the "Counties") for the administration and operation of the Secord, Smallwood, Sanford, and Edenville Dams. In May 2020, the Edenville Dam failed and the Sanford Dam overflowed, resulting in devasting floods. The Task Force then led the charge to "restore" the lakes created by the four dams.

In February 2024, the Counties approved 5-year operations and maintenance and 40-year capital assessment rolls for the Four Lakes Special Assessment District (the "District"), levying these assessments on properties within the District. Soon after, Plaintiffs, who have property interests within the District, filed the instant complaints in the Midland and Gladwin Circuit Courts, alleging that the special assessments violate both the Michigan and federal Takings Clauses. Defendants then removed both actions to this Court.

These cases were eventually assigned to Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris. Judge Ludington owns property in the District that would be assessed if the special assessment stands. Yet Judge Ludington did not

*sua sponte* disqualify himself, so Plaintiffs filed motions to disqualify. (Case No. 11458, ECF No. 12, PageID. 637-649; Case No. 11473, ECF 12, PageID.422-434).[1]

On July 17, 2024 Judge Ludington issued an Opinion and Order (the "Opinion"), in which he agreed that he must recuse himself from these cases under 28 USC § 455 because he has a personal financial interest in their outcomes (Case No. 11458, ECF No. 13, PageID.662-663; Case No. 11573, ECF 13, PageID.447-448). This is where the Opinion should have stopped. Instead, Judge Ludington opined for fourteen pages about the background and merits of these cases.

In the Opinion, Judge Ludington, *sua sponte*, questioned the procedural sufficiency of the parties (footnotes 1–3), the internal procedures of Plaintiff Heron Cove Association (pages 8–9), and the ethics of Plaintiffs' attorneys (footnote 11). Judge Ludington also analyzed the legal merits of the cases, stating that Plaintiffs' "principal factual assertion…is disconnected from their legal theories and causes of action." (Case No. 11458, ECF No. 13, PageID.659; Case No. 11473, ECF 13, PageID.444). And even though Defendants had only recently filed their motions to dismiss and Plaintiffs had not yet responded to those motions (and it was still within

---

[1] Plaintiffs also note that Defendants removed these cases to this District, with knowledge that Midland and Gladwin Counties are located in the Northern Division, where Judge Ludington serves as the only Article III judge. Judge Ludington appears on Defendants' special assessment rolls, and as he states in the Opinion, has donated to charitable causes related to the floods both in his capacity as a trustee of charitable organizations and of his own family foundation.

the time to do so), Judge Ludington wholly accepted the legal premise of Defendants' core methodology, which is at the center of these cases, as legally proper (See footnote 11, accepting Defendants' "zero-sum" interpretation of special assessments). Judge Ludington did not even get to the grounds for his recusal until page 12 of the Opinion.

He admitted there are two plausible grounds for his disqualification. The first is that he serves on foundations which have made significant charitable contributions related to the flooding, including a $1,000,000.00 grant to Defendant Four Lakes Task Force. Because those contributions, in his view, cannot be construed as an endorsement for the assessments at issue, they (in his view) are not grounds for disqualification. Yet Judge Ludington found it necessary to point out that Plaintiffs did not raise his charitable involvements as rationale for his disqualification in footnote 9 of the Opinion.[2]

---

[2] Plaintiffs did not raise the issue of Judge Ludington's donations in their motion to disqualify because (1) they had no knowledge of them (and, under 28 USC 455, a judge should inform himself about his personal and fiduciary financial interests), and (2) it was also abundantly clear that Judge Ludington was required to recuse himself because of his personal financial interest in the outcome of these cases. Further, and contrary to Judge Ludington's comments, Plaintiffs do not concede that the charitable contributions are not additional grounds for recusal. In both instances, and now plainly evident from the Opinion, recusal was required because it affected the Court's impartiality.

Before the Midland Circuit Court, Plaintiffs raised Judge Carras's charitable contributions because he did not do so on his own and because Judge Carras's continuing role as a trustee on donor organizations to the Task Force created an

Finally, on page 13, Judge Ludington addressed the reason for which Plaintiffs sought his disqualification: he owns property within the District. He acknowledged that because of his personal financial interest in the outcome of these cases, he must disqualify himself to avoid any decision being viewed as "favoring [his] personal interests[.]" (Case No. 11458, ECF No. 13, PageID.662; Case No. 11573, ECF 13, PageID.447). Then, again putting his thumb on the scale of justice, Judge Ludington appeared to conclude as a matter of law that decreasing the number of properties or amount of an assessment in a special assessment district "necessarily requires" an increase in assessments on the properties in the special assessment district. (Case No. 11458, ECF No. 13, PageID.662; Case No. 11573, ECF 13, PageID.447). Yet that is a question of law that remains unanswered in these cases.

Plaintiffs' counsel were obviously shocked by the length, breadth, and content of the Opinion at the time it was issued. Nonetheless, rather than voicing concerns over whether the Opinion would subconsciously influence the future proceedings of these cases, they focused on moving the cases along on their merits, even agreeing to an expedited appeal in the Michigan Court of Appeals. However, now that the

---

"objective and reasonable perception" of "either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct." Michigan Canon of Judicial Conduct 2; Michigan Court Rule 2.003.

Counties have relied on the legal analysis of the merits of the cases contained in the Opinion (See Case No. 11458, ECF No. 20, PageID.990, 994; Case No. 11473, ECF No. 20, PageID.775, 779), Plaintiffs must address it.

*Law & Argument*

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1283 (6th Cir. 1991). "A district court may modify, or even rescind, such interlocutory orders" "when it is consonant with justice to do so." *Id*. (cleaned up). Such modification is within a district court's "plenary power." *Id*., quoting *Lewis v. Grinker,* 660 F.Supp. 169, 170 n. 1 (E.D.N.Y. 1987).

Canon 3(A)(2) of the Code of Conduct for United States Judges states that "[a] judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Canon 3(A)(6) provides that "[a] judge should not make public comment on the merits of a matter pending or impending in any court. A judge should require similar restraint by court personnel subject to the judge's direction and control. The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education."

In the Opinion, Judge Ludington recognized that 28 USC § 455 mandated his disqualification from these cases. 28 USC § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USC § 455(B)(4) states that a judge "shall also disqualify himself" if "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

At the outset and under Canon 3(A)(2), Judge Ludington should not have heard or decided these matters assigned to him because of his disqualification. Moreover, under Canon 3(A)(6), Judge Ludington should not have made "public comments" about these pending matters. Because of his disqualification, commenting on these cases was not within his "official duties." Opining on pending cases in which he is (and ought to have been from the beginning) disqualified did not serve to explain court procedures and was not part of a scholarly presentation made for purposes of legal education.

The Counties have now cited to Judge Ludington's public comments that violate Canon 3 in support of their motions to dismiss. A judge's public comments about pending cases, especially cases he has a personal and fiduciary financial in,

8

must be disregarded and rescinded. A party's reliance on those comments threatens to infect the future of these proceedings and the public's trust in the outcome.

Accordingly, this Court should exercise its inherent and plenary authority to modify the Opinion and rescind or vacate the portions that violate Canon 3 in order "to promote public confidence in the integrity of the judicial process" and avoid "creating an appearance of impropriety." *Liljeberg v Health Servs. Acquisition Corp*, 486 US 847, 860; 108 S Ct 2194; 100 L Ed 2d 855 (1988).

Pursuant to LR 7.1(a)(2), Plaintiffs sought concurrence in this motion from all Defendants. All Defendants denied concurrence.

*Conclusion*

WHEREFORE, for the reasons discussed herein, Plaintiffs respectfully request that this Honorable Court modify the Opinion and rescind or vacate the portions that violate Canon 3. Plaintiffs support a status conference on the matter.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
*Attorneys for Plaintiffs*

Dated: August 16, 2024       By: _____
Michael D. Homier (P60318)
Laura J. Genovich (P72278)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
1700 E. Beltline NE Suite 200
Grand Rapids, Michigan 49525
(616) 726-2230
mhomier@fosterswift.com
lgenovich@fosterswift.com         89232:00001:200754471-4

9